IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

AYISA DECKER,  )  Case No. 09 C 50073
         Plaintiff,  )
                              )  Magistrate Judge
vs.  )  P. Michael Mahoney
                              )
TRANSWORLD SYSTEMS, INC. a/k/a  )
GREEN FLAG RECOVERY by
TRANSWORLD SYSTEMS,
         Defendant.

**MEMORANDUM OPINION AND ORDER**

I. Background

Plaintiffs in two related cases have filed petitions for attorneys' fees. The cases arise under the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 *et seq*. ("FDCPA"). Ayisa Decker ("Decker") is the plaintiff in the first case, and Sohail Vahidy ("Vahidy") is the plaintiff in the second case. Vahidy and Decker are husband and wife. Apparently, their cases arise from Defendants' attempts to collect a single debt owed to Healy Auto Sales, to which both Decker and Vahidy were obligors. (Def. Resp. 2.)

Vahidy filed his complaint on March 25, 2009 and Decker filed her complaint on March 30, 2009. Defendant served each plaintiff with a separate offer of judgment pursuant to Federal Rule of Civil Procedure 68 on May 4, 2009. The offers were identical. Each provided that judgment be entered in favor of the plaintiff and against defendant in the amount of $750. Also, Paragraph Two of both offers states the following:

> The Judgment entered shall include an additional amount for Plaintiff's reasonable costs and attorney's fees accrued through the date of this Offer of Judgment either:

1

> 1) as agreed to by counsel for the parties; or 2), [*sic*] in the event counsel cannot agree, as determined by the Court upon application by Plaintiff's counsel[.]

(Pls.' Pets. Ex. A.)

Vahidy and Decker each accepted their offers on May 13, 2009. On May 15, 2009, Judge Reinhard entered the following minute order in Decker's case:

> On 5/13/2009, defendant's Rule 68 Offer of Judgment and plaintiff's acceptance of that offer were filed with the court. The offer of judgment provides that judgment be entered in favor of plaintiff and against defendant for statutory damages in the amount of $750.00 and that the judgment shall include an additional amount for plaintiff's reasonable costs and attorney's fees accrued through the date of the offer. The amount of the fees and costs is to be as agreed by counsel for the parties or in the event agreement cannot be reached, as determined by the court upon application of plaintiff's counsel. An agreement of the parties or application by plaintiff's counsel shall be filed on or before 6/5/2009.

(Crt. Doc. 13 in *Decker v. Transworld Sys.*, No. 09-C50073.) After receiving an amended notice of Vahidy's acceptance of Defendant's offer, Judge Kapala entered the following minute order in her case on May 26, 2009:

> Pursuant to plaintiff's notice of acceptance of Rule 68 offer of judgment, judgment is entered for plaintiff Sohail Vahidy and against defendant Transworld Systems, Inc. in the amount of $750.00. Parties have agreed the judgment shall include reasonable costs and attorney's fees accrued through the date of the offer of judgment. This case is closed. Civil case terminated.

(Crt. Doc. 17 in *Vahidy v. Transworld Sys.*, No. 09-C50067.) That same day, the clerk entered judgment in *Vahidy v. Transworld*, and the case was closed.

On June 3, 2009, both Vahidy and Decker filed petitions for attorneys' fees and costs in their respective cases. The petitions are virtually identical. Vahidy seeks $2,941.30 in attorneys' fees and costs, and Decker seeks $2,855.60. Defendant does not dispute that plaintiffs' attorneys are entitled to fees and costs pursuant to the settlement. However,

2

Defendant raises a number of objections regarding the calculations of the fees.[1]  Parties in both cases consented to the exercise of jurisdiction by Magistrate Judge Mahoney on June 15, 2009.

## II. Discussion

The reasonableness of an award of attorneys' fees is determined using the lodestar method: a court is to multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensely v. Eckerhart,* 461 U.S. 424, 433 (1983).  Hours that are excessive, redundant or otherwise unnecessary are not "reasonably expended" and should therefore be excluded from this calculation. *Id*.  The district court is also to consider other factors such as the degree of success obtained by the prevailing party's counsel, the novelty and difficulty of the questions presented, the skill required by the particular case, the customary fee, whether the fee is fixed or contingent, the experience of the attorneys, and awards in similar cases. *Id*. at 434 n.9 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).  Upon weighing the above considerations, the district court is then to exercise its discretion in making an equitable judgment without the constraints of any precise rule or formula. *Id*. at 436–37.

### A. Attorneys' Fees Incurred After May 4, 2009

Defendant first argues that the plain language of the offers precludes Plaintiffs' attorneys from recovering fees for time incurred after May 4, 2009, the date that the offer was extended.  Generally, courts use the principles of contracts to interpret offers of judgment under Rule 68. *Webb v. James et al.*, 147 F.3d 617, 620 (7th Cir. 1998); *Guerrero et al. v. Cummings et al.*, 70 F.3d 1111, 1113 (9th Cir. 1995).  Where the offer unambiguously precludes or limits recovery of

---

[1] Defendant filed one response addressing both of Plaintiffs' petitions.  Plaintiffs then collectively filed one reply.  The court will address both petitions in this opinion.

attorneys' fees, the court will honor those limitations. *Norby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999) (finding that a plaintiff could not recover post-judgment attorneys' fees because the plaintiff had accepted a Rule 68 offer that was for "judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint," and that offer was unambiguously inclusive of all the relief sought in all the counts, including statutory attorneys' fees); *Arch v. Glendale Nissan et al.*, 2005 U.S. Dist. LEXIS 12198, at *8–9 (N.D. Ill. June 7, 2005) (Pallmeyer, J.) (finding that a Rule 68 offer precluded recovery of post-judgment fees); *Bruhns v. Chicago Sch. Reform Bd. Of Trustees et al.*, 1999 U.S. Dist. LEXIS 18006, at *9 (N.D. Ill. Nov. 16, 1999) (Nolan, M.J.) (finding that a Rule 68 offer unambiguously precluded recovery of attorneys' fees after the date on which the offer was made); *Sherry v. Protection, Inc. et al.*, 14 F. Supp. 2d 1055, 1058 (N.D. Ill. 1998) (Alesia, J.) (finding that, "since the defendants' offer of judgment expressly prohibit[ed] recovery of fees incurred after acceptance of the offer of judgment, Sherry . . . knowingly waived his right to recover such fees"). *But see Lasswell et al. v. City of Johnston City et al.*, 436 F. Supp. 2d 974, 981–82 (S.D. Ill. 2006) (Gilbert, J.) (finding that although the Rule 68 offer of judgment provided for costs accrued up to the date that the plaintiffs accepted the offer, the plaintiffs could also recover for time spent litigating their fees).

In Vahidy's and Decker's cases, the language of Paragraph Two of the offer is clear. It states, "The Judgment entered shall include an additional amount for Plaintiff's reasonable costs and attorney's fees accrued *through the date of this Offer of Judgment . . . .*" (Pls.' Pets. Ex. A (emphasis added).) The offer provided for the resolution of any dispute related to the attorneys' fees by the court, but recoverable attorneys' fees were unambiguously limited to those incurred

4

through the date of the offer, or May 4, 2009. Although "taken to its extreme, the provision at issue could allow an offering defendant to object to every dollar requested as unreasonable and yet refuse to pay any fees for the litigation necessary for a plaintiff to establish his entitlement to reasonable compensation." *Arch*, 2005 U.S. Dist. LEXIS, at *9. Defendant did not do that and the agreement set forth in the offer is one that this court will honor.

Accordingly, Vahidy and Decker cannot recover any attorneys' fees incurred after May 4, 2009. Vahidy's petition shows that, after May 4, 2009, Attorney Hill billed 3.6 hours at his rate of $225 per hour, and Attorney Krohn billed .1 hours at his rate of $394 per hour. Thus, the court reduces Vahidy's award of attorney's fees by $849.40.

Decker's petition shows that, after May 4, 2009, Hill billed 3.3 hours at $225 per hour, and Krohn billed .1 hours at $394 per hour. Thus, the court reduces Decker's award of attorney's fees by $781.90. Also, the court will only consider the reasonableness of billing statement entries logged through May 4, 2009.

## B. Duplicity of Time

Second, Defendant argues that the pleadings, motions, and papers filed in Vahidy's and Decker's cases are virtually identical. The cases arose from a single debt, and the debtors were husband and wife. Defendant argues that many of the tasks necessary for each of the cases could have been completed at the same time.

Defendant is correct, Plaintiffs' counsel completed many tasks for each case at the same time. Vahidy's and Decker's petitions reflect this. Eleven of the 22 billing statement entries attached to Vahidy's petition state, "total time divided with Ayisa Decker v. Transworld Systems, Inc." (Vahidy's Pet. Ex. A.) Similarly, 11 of the 21 billing statement entries attached

5

to Decker's petition state, "total time divided with Sohail Vahidy v. Transworld Systems, Inc." (Decker's Pet. Ex. A.)

To illustrate, Vahidy's billing statement reflects the following itemized entry by a paralegal, Ana Requierme, on March 9, 2009:

> Prepare Complaint for attorney and client review; reviewed notes from interview with client (.3); reviewed all documents recevied [*sic*] (.2); called client to review facts (.3); reviewed FDCPA to identify violations (.2); researched proper jurisdiction for filing (.1); prepare draft of Complaint for attorney and client review (1.0); sent email to client with copy of Complaint and called to inform Complaint sent (.2); memo to file (.1); Requierme, Ana / Paralegal [total time divided with Ayisa Decker v. Transworld Systems, Inc.]

(Vahidy's Pet. Ex. A.) All the itemized entries added together equal 2.4 hours of time. Yet, Vahidy's billing statement and petition only seek compensation for 1.2 hours of time. Likewise, Decker's billing statement reflects an identical entry on March 9, 2009, and seeks compensation for only 1.2 hours of time.

Where the notation appears on the billing statements indicating that time was split between the two cases, compensation is sought for only half the time on each statement. Thus, Plaintiffs' petitions accurately account for duplicative time spent on the cases, and appropriately split the time between the two. The court will not reduce the awards for duplicity.

### C. Administrative Tasks

Defendant's third objection is that Vahidy's and Decker's petitions reflect unrecoverable time spent doing ministerial work. Specifically, Defendant points to February 12, 2009 entries on both Vahidy's and Decker's petitions reflecting .4 hours spent by Krohn "open[ing a] file in [the] database." Defendant also takes issue with February 20, 2009 entries on both petitions reflecting time spent drafting attorney-client agreements. Finally, Defendant objects to entries

6

on March 10, 2009 and March 26, 2009 on Vahidy's petition reflecting .2 hours spent by a paralegal, Cynthia Burke Lloyd, sending the Complaint to the client via UPS, and .1 hours spent by Lloyd adding the judge's information to the file, respectively.

The work of a law firm's support staff is recoverable where it contributes to the attorney's work product. But, "the court should disallow . . . hours spent on tasks that would normally not be bill[ed] to a paying client [and] those hours expended by counsel on tasks that are easily delegable to non-professional assista[nts]." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (upholding the district court's finding that tasks such as updating a "case list" and calendar with the status of cases, and holding office conferences with a paralegal regarding the paralegal's communications with the court's minute clerk, constituted unrecoverable administrative tasks).

The court finds that opening a case file in a database is administrative work. This task does not seem to be associated with establishing the attorney-client relationship or developing work product. It seems instead to be a necessary step in organizing an attorney's workload, and probably something that could have been done by administrative staff. Each billing statement reflects .4 hours dedicated to this task, but that time was split between the two cases. Thus, the court reduces each award by .2 hours multiplied by Krohn's hourly rate of $394, or $78.80 per petition.

Sending the Complaint to Vahidy via UPS and adding the judge's information to the file are also administrative tasks. These tasks would not normally be billed to a client. Lloyd logged .3 hours completing these two tasks. Thus, Vahidy's award is reduced by .3 hours multiplied by Lloyd's hourly rate of $125 per hour, or $37.50.

7

Finally, the time spent by Krohn drafting the attorney-client agreement is recoverable. That task is not merely administrative and is necessary to develop the relationship between the attorney and the client. It is not unreasonable to expect an attorney to complete this task. The court will allow both Vahidy and Decker to recover fees for time spent by Krohn drafting the agreement.

### D. Attorney's Rates

Fourth, Defendant argues that Krohn's hourly rate of $394 is unreasonable. Defendant directs the court to Exhibit F in each of Plaintiffs' petitions. Exhibit F is the *2007 Consumer Law Attorney Fee Survey*. Defendant alleges that it "states that the median attorney rate for attorneys in the Midwest concentrating in consumer law is $275/hour." (Def. Resp. 10.) Defendant suggests that Krohn's hourly rate should be $275 per hour.

A reasonable hourly rate is the market rate for the services performed. *Uphoff et al. v. Elegant Bath, Ltd. et al.*, 176 F.3d 399, 407 (7th Cir. 1999). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Id*. (internal quote omitted). "The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate." *Id*. (*quoting People Who Care v. Rockford Bd. Of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996)). "If the district court is unable to determine the attorney's actual billing rate because, for example, the attorney has no fee-paying clients, then the district court should look to the next best evidence." *Id*. "The next best evidence of an attorney's market rate includes evidence of rates other attorneys in the area charge paying clients for similar work and evidence of fee awards the attorney has received in similar cases." *Id*.

In this case, Plaintiffs' attorneys do not provide evidence of what they actually charge clients. Those numbers may not exist because the FDCPA is a fee-shifting statute. Plaintiffs' counsel instead provides the *2007 Consumer Law Attorney Fee Survey*. Plaintiffs' counsel also directs the court's attention to the Laffey Matrix. Finally, Plaintiffs' counsel provides two affidavits from consumer law attorneys testifying that the fees sought are reasonable. This evidence is not the preferred basis of proving market rates, but it can suffice under certain circumstances.

Page 23 of Exhibit F states that the median hourly rate for consumer law attorneys in the Midwest is $275. It also states that 25% of all consumer law attorneys in the Midwest charge at least $350 per hour, and 5% charge at least $450 per hour. Page 11 of Exhibit F states that the average hourly rate for attorneys with 11–15 years of practice in consumer law is $394 per hour. This number is supported by the Laffey Matrix, which states that in 2007–2008, a reasonable rate for attorneys with 11–19 years experience was $390 per hour.[2] The matrix states that the reasonable rate in 2008–2009 for attorneys with 11–19 years experience is $410 per hour. These numbers are further supported by the affidavits of experienced attorneys testifying that the rates are reasonable, submitted as Exhibit H in each petition.

Krohn charges $394 per hour. He founded a consumer law firm about 14 years ago. His experience in this area is extensive. An hourly rate of $394 per hour is within the range of rates charged by attorneys in the Midwest for the year 2008–2009. The court finds this hourly rate reasonable, and will not reduce it.

---

[2]http://www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html. The Laffey Matrix is "intended to be used in cases in which a 'fee-shifting' statute permits the prevailing party to recover 'reasonable' attorney's fees." *Id*.

E. Filing Fees

Lastly, Defendant argues that the two filing fees sought as costs for the cases (one for each case) are unreasonable. Defendant suggests that it should only be responsible for one filing fee, because the cases should have been filed together.

Of course, the cases were not filed together. Two different district court judges presided over them. If Defendant believed them to be truly one case, it should have filed a motion to consolidate them. It did not. The plaintiff in each case can recover his or her own filing fee of $350.

III. Conclusion

The court grants Vahidy's and Decker's petitions for attorneys' fees and costs in part. Consistent with the above opinion, the court adjusts Decker's petition to reflect 2.1 hours by Krohn at $394 per hour ($827.40), 1.3 hours by Hill at $225 per hour ($292.50), 2.4 hours by Eisenberg at $125 per hour ($300), and 1.8 hours by Requierme at $125 per hour ($225). Including the filing fee of $350, the court grants Decker's petition for attorneys' fees and costs in the amount of $1,994.90.

The court adjusts Vahidy's petition to reflect 2.4 hours by Krohn at $394 per hour ($945.6), 1.3 hours by Hill at $225 per hour ($292.50), 1.1 hours by Shaouli at $125 per hour ($137.50), .2 hours by Lloyd at $125 per hour ($25), and 1.8 hours by Requierme at $125 per hour ($225). Including the filing fee of $350, the court grants Vahidy's petition for attorneys' fees and costs in the amount of $1,975.60.

**ENTER:**

_____
**P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**

Date: September 1, 2009